IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES WIDTFELDT, and JAMES WIDTFELDT TRUST, | ) ) ) | |
| Plaintiffs, | ) ) | 8:05CV49 |
| v. | ) ) ) | |
| MICHAEL JOHANNS, UNITED STATES DEPARTMENT OF AGRICULTURE, MONTE FLETCHER, RICHARD KILMURRY, BONNY KILMURRY, HILGER BROTHERS PARTNERSHIP, GARY A. BURIVAL, JOYCE A. BURIVAL, and EDWIN BURIVAL, | ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on plaintiff, James Widtfeldt's, motion to supplement the administrative record (Filing No. 31) and plaintiff's motion to extend time to file motion for summary judgment (Filing No. 34). In his motion to supplement the administrative record, plaintiff moves the court to allow him to add numerous additional documents that are not currently part of the Administrative Record. In plaintiff's motion to extend time to file a motion for summary judgment, plaintiff requests additional time to file a summary judgment motion stating that because he did not include everything he wanted to submit in his summary judgment motion filed on July 26, 2006, he needs additional time to file a new summary judgment motion. Defendant objects to both motions.

## FACTUAL BACKGROUND

On April 15, 2005, plaintiff filed an Amended Complaint against the Defendant, Secretary of the United States Department of Agriculture et. al., seeking judicial review of

a final agency determination of the National Appeals Division of the United States Department of Agriculture (USDA) and alleging an improper taking of property under the Fifth Amendment to the U.S. Constitution under the Administrative Procedures Act (APA) 5 U.S.C. § 702. (Filing No. 14). On May 15, 2006, this court established a briefing schedule for the parties to resolve the case through cross-motions for summary judgment. (Filing No. 27). The briefing schedule ordered plaintiff to file his motion for summary judgment by June 12, 2006 and gave defendant thirty days to file a responsive motion. On April 24, 2006, plaintiff moved the court to amend his complaint and conduct additional discovery. The court denied plaintiff's motion, but extended the briefing schedule allowing plaintiff an additional thirty days to submit his motion for summary judgment. (Filing No. 30). In accordance with the amended schedule, plaintiff filed his motion for summary judgment on July 26, 2006.

## DISCUSSION

"A federal court is confined to the administrative record in deciding an appeal under the APA," *Maxey v. Kadrovach*, 890 F.2d 73, 77 (8th Cir. 1989); *see also Newton County Wildlife Assoc. v. Rogers*, 141 F.3d 803, 807 (8th Cir. 1998). This rule "precludes the reviewing court from conducting a de novo trial and substituting its opinion for that of the agency." *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). The very narrow exceptions to this rule "apply only under extraordinary circumstances" in which a strong showing can be made that the record is so incomplete as to preclude effective judicial review or that there is clear bad faith or improper behavior. *Id.*

No such extraordinary circumstances are present here. Plaintiff did not plead or provide any argument to indicate bad faith or incomplete record. Furthermore, a review of

the record does not reveal that these circumstances exist. Therefore, because extraordinary circumstances do not exist, the plaintiff's motion to supplement the record is denied. This court will not consider any of the documents submitted with filing no. 31 & 32 when deciding this appeal.

Furthermore, plaintiff's motion for additional time to file a summary judgment motion is denied. This court established a briefing schedule on April 12, 2006 giving plaintiff around sixty days to file his summary judgment motion. On May 15, 2006, plaintiff was given an additional thirty days to file his motion for summary judgment. The only basis plaintiff gives for needing additional time is to state that because plaintiff did not include everything he wanted to submit in his summary judgment motion he needs additional time to file a new motion. It appears that plaintiff is merely requesting additional time to supplement his summary judgment motion with material this court has concluded will not be included in the administrative record.

**THEREFORE, IT IS ORDERED:**

1. Plaintiff's Motion to Supplement the Administrative Record (Filing No. 31) is denied.

2. Plaintiff's Motion to Extend Time to File a New Motion for Summary Judgment (Filing No. 34) is denied.

DATED this 9th day of August, 2006.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge